UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATON GRAS,

    *Plaintiff*

v.

SUBCONTRACTING CONCEPTS, LLC, PETER FIDOPIASTIS, and RYAN WISE,

    *Defendants,*

CASE NO. 2:19-cv-00643-BJR

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES

## I. INTRODUCTION

Before the Court is Plaintiff's motion for reconsideration, Dkt. No. 22, of the Court's ruling that it lacked personal jurisdiction over Defendants in this matter, Dkt. No. 21. Plaintiff purports to present new evidence, not previously available, to support its request for reconsideration. Defendants reply that not only does the new information not change the Court's previous conclusion, but that Plaintiff's motion is frivolous and, therefore, warrants sanctions. Dkt. No. 26.

Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny both Plaintiff's motion for reconsideration and Defendants' request for sanctions. The reasoning for the Court's decision follows.

## II. BACKGROUND

The Court laid out the background of this case in depth in its recent order granting Defendants' motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 21. In brief, the

1

matter involves the souring of a business relationship to develop software for an application. The core of the case, however, revolves around Plaintiff's allegation that Defendants tapped into a teleconference in which he was attempting to market the application to third-party competitors of Defendants.

On September 17, 2019, the Court granted a motion to dismiss by Defendants finding that the Court did not have personal jurisdiction over Defendants. Dkt. No. 21. In essence, and based on the information before the Court at the time, Defendants had not purposefully directed their actions towards Washington State because the teleconference line allegedly tapped, which Plaintiff was using during his call, was owned by Defendants. As the Court stated, "[t]he relevant facts that remain are that Plaintiff initiated the contact with the State of New York by dialing into the teleconference equipment of a New York based company, whose equipment is located in New York, and who did not appear to have knowledge of the call prior to, and during, its commission or give permission for such a call to take place." *Id.* at 8.

Plaintiff responded to the Court's opinion with a motion for reconsideration. Dkt. No. 22. According to Plaintiff, he obtained new evidence, not available earlier, that the conference line utilized for the teleconference in question did not belong to Defendants, but instead was an independent, third-party service called Mikogo. *Id.* at 3, 7–9. Thus, Plaintiff asserts, the facts of the case have dramatically changed to "Plaintiff having an independent private conversation *in Washington*" where Defendants "found some way to access Plaintiff's private Mikogo conference call and instructed their internal software to record it without the consent or knowledge of Plaintiff." *Id.* at 8 (emphasis in original).

Defendants reply that the Mikogo conference line referred to in Plaintiff's motion for

reconsideration does, in fact, belong to them. Dkt. No. 26 at 1; Dkt. No. 26-1 at ¶ 5. Not only do they contest the appropriateness of reconsideration, Defendants also move for attorneys' fees. Dkt. No. 26 at 8–11. As Defendants state, "Plaintiff made no attempt to contact Defendants once he had obtained [the new evidence] to asked about phone number 855-809-1233, which is evident because, if Plaintiff had asked, Defendants would have promptly informed Plaintiff that [it] was an SCI toll-free number used by SCI's conference line." *Id.* at 5–6. As such, Defendants claim, "[t]he [m]otion for reconsideration based solely upon the erroneous theory that the toll-free number used by Plaintiff on March 25, 2014 did not belong to Defendants cannot be supported by any rational argument on the laws or facts and is therefore frivolous." *Id.* at 10 (internal quotations removed).

### III.  LEGAL STANDARD

#### A. Motion for Reconsideration

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1); *see also Doe v. Trump*, 284 F. Supp. 3d 1182, 1184 (W.D. Wash. 2018); Dkt. No. 11 at 3 (this Court's standing order stating that "[m]otions for reconsideration are discouraged"). Ordinarily, the Court will deny such motions "in the absence of a showing of (1) 'manifest error in the prior ruling,' or (2) 'new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence.'" *Doe*, 284 F. Supp. 3d at 1184 (quoting Local Rules W.D. Wash. LCR 7(h)(1)).

#### B. Sanctions

FRCP 11 provides that an attorney is subject to sanctions "when he [or she] presents to the court 'claims, defenses, and other legal contentions' . . . [not] warranted by existing law or by a

3

nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.'" *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005) (quoting FED. R. CIV. PRO. 11(b)(2)).

## IV. DISCUSSION

First, as Defendants have averred that the conference line in question does in fact belong to them, the Court finds that the facts of the case have not changed. As such, there is no manifest error or new facts or legal authority warranting reconsideration. The Court will, therefore, deny Plaintiff's motion. Second, the Court finds that sanctions are not warranted in this situation. As such, the Court will deny Defendants' motion as well.

## V. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's motion for reconsideration, Dkt. No. 22, and DENIES Defendants' motion for attorneys' fees, Dkt. No. 26.

DATED this 10th day of October, 2019.

*Barbara Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE