UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATON GRAS,<br><br>        *Plaintiff*<br><br>        v.<br><br>SUBCONTRACTING CONCEPTS, LLC,<br>PETER FIDOPIASTIS, and RYAN WISE,<br><br>        *Defendants,* | CASE NO. 2:19-cv-00643-BJR<br><br>ORDER DENYING DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES |

## I. INTRODUCTION

Before the Court yet again is the topic of attorneys' fees. The Court previously denied a motion by Defendants seeking attorneys' fees for having to oppose Plaintiff's unsuccessful motion for reconsideration of the Court's order dismissing this matter for lack of personal jurisdiction. Undeterred, Defendants have moved again for attorneys' fees. In response, Plaintiff seeks attorneys' fees based on Defendants' second motion for attorneys' fees.

Having reviewed the motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will deny both requests and consider this matter closed. The reasoning for the Court's decision follows.

## II. BACKGROUND

The Court has discussed the background of this matter previously. *See* Dkt. No. 21 at 1–4; Dkt. No. 27 at 1–3. In brief, the heart of the matter involves the souring of a business

1

relationship between the parties to develop software for an application targeted to the trucking industry. *See* Dkt. No. 21 at 2. The actual cause of action, however, was Plaintiff's claim that Defendants wiretapped and recorded a phone call in violation of Revised Code of Washington ("RCW") 9.73.030 and the common law tort of Invasion of Privacy. *See* Dkt. No. 1-1 at ¶¶ 41–49. On September 9, 2019, the Court dismissed the matter for lack of personal jurisdiction and the case was formally closed. Dkt. No. 21.

Plaintiff moved the Court for reconsideration. Dkt. No. 22. In response, Defendants opposed reconsideration and moved the Court for attorneys' fees citing Washington Superior Court Civil Rule ("CR") 11 and RCW 4.84.185. Dkt. No. 26. According to Defendants, both Plaintiff's motion for reconsideration and his entire case were frivolous warranting attorneys' fees. *Id.* at 8–11. The Court denied both Plaintiff's motion for reconsideration and Defendants' motion for attorneys' fees, and while only citing to Federal Rule of Civil Procedure ("FRCP") 11, specifically stated that the sanction of attorneys' fees was not warranted in this situation. Dkt. No. 27 at 4.

Defendants, however, noting the Court's reference solely to FRCP 11, move the Court for attorneys' fees again this time focusing on RCW 4.84.185 claiming that Plaintiff's complaint in this matter was frivolous. Dkt. No. 29. Plaintiff, in response, oppose Defendants' motion for attorneys' fees and move for attorneys' fees claiming that Defendants' motion for attorneys' fees itself is frivolous based on the Court's previous denial of attorneys' fees. Dkt. No. 31.

### III. LEGAL STANDARD

RCW 4.84.185 provides for the awarding of "reasonable expenses, including fees of attorneys" where the Court, "upon written findings," determines that an action "was frivolous and

2

advanced without reasonable cause." WASH. REV. CODE § 4.84.185. As compared to CR 11, which targets "baseless filings," RCW 4.84.185's purpose is to "discourage frivolous lawsuits and to compensate the targets of such lawsuits for fees and expenses incurred in fighting meritless cases." *Haley v. Hume*, 448 P.3d 803, 814 (Wash. Ct. App. 2019) (quoting *Biggs v. Vail*, 830 P.2d 350, 354 (Wash. 1992)).

"A frivolous action is one that cannot be supported by any rational argument on the law or facts." *Hanna v. Margitan*, 373 P.3d 300, 308 (Wash. Ct. App. 2016) (quoting *Rhinehart v. Seattle Times, Inc.*, 798 P.2d 1155, 1160 (Wash. Ct. App. 1990)). To be considered frivolous, "[t]he action must be frivolous in its entirety." *Leahy v. Edmonds Sch. Dist.*, No. 07-1970, 2009 WL 529577, at *1 (W.D. Wash. Mar. 2, 2009) (citing *Biggs*, 830 P.2d at 352).

## IV. DISCUSSION

As the parties have now often quoted, the Court in its order dismissing this matter for lack of personal jurisdiction stated that "[t]his is a unique case, and the Court is hard-pressed to find its kin." Dkt. No. 21 at 7. While the Court ultimately found that it did not have personal jurisdiction over the Defendants, the facts involving a cross-country teleconference presented a difficult question regarding the application of Washington's expansive wiretap law. This was not a frivolous endeavor on Plaintiff's part. The Court made no written findings, as required by RCW 4.84.185, that the suit was frivolous, nor did its order suggest frivolity. As such, Defendants' motions for attorneys' fees will be denied.

Plaintiff now seeks attorneys' fees for having to oppose Defendants' second motion for attorneys' fees, which motion Plaintiff claims is frivolous. The Court will deny Plaintiff's motion as well. What is truly frivolous is counsels' prolonging this lawsuit in a battle over attorneys' fees.

3

This matter has been dismissed and the Court considers the case closed.

## V. CONCLUSION

For the foregoing reasons, the Court both Defendants', Dkt. No. 29, and Plaintiff's, Dkt. No. 31, motions for attorneys' fees are DENIED.

DATED this 4th day of December, 2019.

Barbara J. Rothstein
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE